IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| JOHN KERR, | ) |
| | ) |
| Plaintiff, | ) 3:24-CV-00068-MJH |
| | ) |
| vs. | ) |
| | ) |
| AMAZON.COM, INC., et al. | ) |
| | ) |

Defendants,

OPINION AND ORDER

Plaintiff, John Kerr, filed the within personal injury action against Defendants arising out of a multi-vehicle accident on the Pennsylvania Turnpike involving several semi-trucks and commercial entities. (ECF No. 72). Defendant, Amazon.com, Inc., filed a Third-Party Complaint for Breach of Contract (Count I) and Contribution and Indemnity (Count II) against Pacella Trucking Express, Inc. (ECF No. 85), and a Third-Party Complaint against Syfan Logistics, Inc. for Contribution and Indemnity (Count I). (ECF No. 86). Pursuant to Fed. R. Civ. P. 12(b)(6), Syfan and Pacella both move to dismiss Amazon's Contribution and Indemnity claims. (ECF Nos. 128 and 130). These matters are now ripe for decision.

Following consideration of Amazon's Third-Party Complaints (ECF Nos. 85 and 86), Syfan and Pacella's Motions to Dismiss (ECF Nos. 128 and 130), the respective responses and briefs (ECF Nos. 129, 131, 177, 178, 179, and 180), and for the following reasons. Syfan's Motions to Dismiss will be denied, and Pacella's Motion to Dismiss will be granted in part and denied in part.

I.      Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008

WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

II.     Discussion

Syfan and Pacella argue that Amazon's claims for Contribution and Indemnity should be dismissed because Amazon does not identify any acts or failures to act to establish a breach of duty or causation to Mr. Kerr's injuries.  Pacella additionally maintains that, contrary to Amazon's averments, it cannot be solely liable to Mr. Kerr.  Amazon contends that it has sufficiently provided notice to Syfan and Pacella of the basis for its claim and the claim itself. Amazon further asserts that Third-Party Complaint sufficiently alleges that Syfan and Pacella "participated in the carriage and/or brokering and/or subcontracting of the load involved." (ECF No. 85 at ¶ 15 and ECF No. 86 at ¶ 15).

Rule 14 of the Federal Rules of Civil Procedure broadly provides that "a defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  "Where ... state substantive law recognizes a right of contribution and/or indemnity, impleader under Rule 14 is the proper procedure by

3

which to assert such claims." *In re One Meridian Plaza Litig.*, 820 F.Supp. 1492, 1496 (E.D.Pa.1993) (citing *Smith v. Whitmore*, 270 F.2d 741 (3d Cir.1959); *Pennine Res., Inc. v. Dorwart Andrew & Co.*, 639 F.Supp. 1071 (E.D.Pa.1986)). However, a "third-party complaint may not set forth a claim that the third party defendant is directly liable to the original plaintiff; it is limited to claims of secondary or derivative liability." *Id*.

Here, as regards the sufficiency of Amazon's Third-Party Complaint, both Pacella and Syfan have enough context and notice of this action through both Amazon's Third Party Complaint and Mr. Kerr's Second Amended Complaint. Averments in both pleadings present plausible claims for liability in the context of this multi-vehicle accident in which many entities had potential involvement. As regards Pacella's arguments regarding the Third-Party Complaint's averments of sole liability, Paragraph 42 of Amazon's Third-Party Complaint states as follows, "Pacella is alone and solely liable to Plaintiff." (ECF No. 85 at ¶ 42). While Amazon's claims for contribution and indemnity are properly pleaded against Pacella under Rule 14, its averments for sole liability are improper. Therefore, the Court will strike said paragraph.

Accordingly, Syfan's Motion to Dismiss will be denied, and Pacella's Motion to Dismiss will be granted in part and denied in part.

III.    Conclusion and Order

For the reasons set forth above, Syfan's Motion to Dismiss is denied, and Pacella's Motion to Dismiss is granted in part and denied in part. Paragraph 42 of Amazon's Third Amended Complaint against Pacella is stricken.

Syfan and Pacella shall file their Answer to the Third-Party Complaints on or before January 30, 2026.

DATED this 16th day of January, 2026.

                        BY THE COURT:

                        *Marilyn J. Horan*
                        MARILYN J. HORAN
                        United States District Judge