IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| JOHN KERR, | ) |
| | ) |
| | )   3:24-CV-00068-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| AMAZON.COM, INC., et al. | ) |
| | ) |
| Defendants, | |

MEMORANDUM ORDER

Defendants, H&H Brothers, LLC and Aslam Yusupov, move to strike Plaintiff, John Kerr's, Stipulation of Dismissal (ECF No. 175) of Defendants, Hauser Investments, Inc. and Mark Logsdon. (ECF No. 183). The matter is now ripe for decision.

On May 3, 2024, H&H and Mr. Yusupov filed their Answer and Affirmative Defenses, which asserted crossclaims for contribution, indemnity, sole liability, and/or liability over as to all other Co-Defendants, including Hauser and Mr. Logsdon. (ECF No. 31). On April 2, 2025, Hauser and Mr. Logsdon filed a "Stipulation of Voluntary Dismissal, with Prejudice" pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). On April 3, 2025, the Court signed said Stipulation. (ECF No. 180). On January 2, 2026, this case was reassigned to the undersigned.

H&H and Mr. Yusopov argue that the Stipulation of Dismissal is invalid under the Rules of Civil Procedure and/or otherwise insufficient to dismiss the pending cross-claims against Hauser and Mr. Logsdon. In response, Hauser and Mr. Logsdon contend the Motion to Strike is untimely, and the Court already dismissed them by court order.

Here, H&H and Mr. Yusopov's arguments, as regards the Stipulation's invalidity under Fed. R. Civ. P. 41(a)(1)(A)(ii), are well taken.  Rule 41(a)(1)(A)(ii) provides,

> **(a) Voluntary Dismissal.**
>
> **(1)** *By the Plaintiff.*
>
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> \*\*\*\*
>
> **(ii)**   a stipulation of dismissal signed by all parties who have appeared.

The Court member's signature, on the April 3, 2025 Order, did not adjudicate any separate basis under Rule 41 for dismissal.  Thus, under Rule 41(a)(1)(A)(ii), said Order had no practical effect to dismiss the Defendants, because said rule provides for dismissal "without a Court Order."  And because the Stipulation of Dismissal was not "signed by all parties who have appeared," it was not a proper vehicle to dismiss parties under Rule 41(a)(1)(A)(ii).

Accordingly, H&H and Mr. Yusupov's Motion to Strike is granted.  The April 3, 2025 Order is vacated, and the Stipulation of Dismissal is stricken.

DATED this 16th day of January, 2026.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge